**In re NICHOLAS V.**

**No. 92–312–Appeal.**

Supreme Court of Rhode Island.

March 18, 1993.

Jeffrey Pine, Atty. Gen., Michael Schein, Asst. Atty. Gen., for plaintiff.

Nicholas Mattiello, Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on March 2, 1993, pursuant to an order directing both parties to appear and show cause why their respective appeals should not be summarily decided. After considering the arguments and memoranda of counsel, we are of the opinion that cause has not been shown.

On February 19, 1991, Nicholas V. (defendant), then seventeen years of age, shot Michael Pleet (Pleet), a twenty-one-year-old student at Johnson and Wales University, with a sawed-off shotgun. Pleet survived the assault but suffered permanent impairment of vision in his right eye. The incident was prompted by Pleet's staring at defendant while walking down a street in Providence, in response to which, defendant proceeded to a friend's house and obtained the sawed-off shotgun. Thereafter, defendant sought out Pleet and shot him in the face.

On November 25, 1991, defendant admitted to sufficient facts and was subsequently found delinquent by reason of (1) assault with intent to commit murder, (2) assault with intent to commit robbery, and (3) possession of a firearm while committing a crime of violence. On December 18, 1991, a sentencing hearing was held in the Family Court. The court rejected the state's recommended sentence and, pursuant to G.L.1956 (1981 Reenactment) § 14–1–7.3(b), as amended by P.L.1990, ch. 18, § 2, sentenced defendant to the training school until he attained the age of twenty-one. Additionally the court imposed a two-year suspended sentence and two years' probation, to take effect upon defendant's release from the training school.

On appeal the state asserts that the trial justice erred in his sentencing of defendant. The state avers that § 14–1–7.3 and § 14–1–42, as amended by P.L.1990, ch. 18, § 3, do not authorize the prospective suspension of the part of defendant's sentence that extends beyond defendant's twenty-first birthday. We agree.

Section § 14–1–7.3 provides in pertinent part:

"Upon a finding by the court that the child is subject to certification as provided by § 14–1–7.2, the court shall afford the child a right to a jury trial, and upon conviction for the offense charged, the court shall sentence the child in accordance with one of the following alternatives:

(a) Impose a sentence upon such child to the Rhode Island training school for youth until such time as the child attains the age of twenty-one (21) years, or;

(b) Impose a sentence upon such child for a period in excess of the child's twenty-first (21st) birthday to the adult correctional institutions, with the period of such child's minority to be served in the Rhode Island training school for youth in a facility to be designated by the court; provided, however, such sentence shall not exceed the maximum sentence provided for by statute for conviction of such offense."

Section 14–1–42 reads in pertinent part:

"In any case where a child has been certified and adjudicated pursuant to sections 14–1–7.2 and 14–1–7.3, and sentenced pursuant to section 14–1–7.3(b), the court shall schedule a review of the such child's case thirty (30) days prior to the child's twenty first (21st) birthday. The court shall notify the victim or victims of the crime for which said juvenile was certified and adjudicated of the pendency of said hearing and afford them the opportunity to be heard. The court shall not hear or determine any other motion for modification of the order of certification, prior to that time. At such time and upon proof by clear and convincing evidence that demonstrates that

the person has been sufficiently rehabilitated and that the modification of the order of certification would not pose a threat to the safety of the public, the court may suspend, but shall not vacate the balance of such sentence."

Upon review of the two statutes, we find that the trial justice lacked the authority to suspend unilaterally and prospectively the time that defendant would have to serve at the Adult Correctional Institutions after reaching the age of twenty-one. Section 14–1–42 provides specific procedures for suspending the rest of a sentence imposed pursuant to § 14–1–7.3(b). According to § 14–1–42, a certified youth must move the court for modification prior to his or her twenty-first birthday and prove by clear and convincing evidence that he or she has been rehabilitated and that he or she would not pose a threat to public safety. We conclude that the General Assembly, by delineating such a procedure for modification, had no intention of empowering the trial justice with the authority to suspend prospectively those sentences imposed pursuant to § 14–1–7.3(b).

For the reasons stated, the ruling of the trial justice is reversed and the state's appeal is sustained. The case is remanded to the Family Court for sentencing consistent with this opinion.